GWLADYS S. S. CO., Limited, v. GANS S. S. LINE.

(Circuit Court of Appeals, Second Circuit. June 23, 1914.)

No. 192.

SHIPPING (§ 49*)—CHARTERS—RATIFICATION OF CHARTER MADE BY AGENT.

Where a charter party was signed for the charterer by an agent who was without authority, or was deceived or mistaken as to the cargo capacity of the vessel, but before delivery the true capacity was learned by the charterer, he had his election to ratify or repudiate the charter as a whole, but could not accept the vessel and afterward set off against the charter hire a claim for damages for shortage of carrying capacity.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 187–200, 202; Dec. Dig. § 49.*]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by the Gwladys Steamship Company, Limited, against the Gans Steamship Line. Decree for libelant, and respondent appeals. Affirmed.

C. B. Smith, of New York City, for appellant.

C. R. Hickox, of New York City, for appellee.

Before COXE and ROGERS, Circuit Judges, and HAND, District Judge.

HAND, District Judge. The meaning of the charter as printed may be taken to be "exclusive of bunkers," but the meaning of the charter as delivered is clearly "cubic feet capacity as shown by the plan." Nobody disputes that the only plan which could at that time have been meant was the "Nora's," and that when Farrington signed he had the plan before him. Hence the contract could only mean cubic capacity, including bunkers, and there was no misdescription. The contract must speak for itself; no prior conversations are admissible in its interpretation.

The defenses are lack of authority, mutual mistake or fraud, which of the two is doubtful. As to lack of authority, the defense is irrelevant because the respondent knew all the facts when it accepted the ship. The protest was ineffective; one must ratify an unauthorized contract or repudiate it as a whole. As to mutual mistake, there was none. Farrington might have misled Gans, but neither Bromage nor the libelant shared in the mistake when the contract was signed, or supposed that Gans was under any mistake. As to this defense, however, the same considerations apply as do to the lack of authority. Having affirmed the charter with full knowledge, the respondent may not repudiate a part.

It is possibly true that if the respondent had an action on the case in deceit, it would survive acceptance. We need not consider whether it could be a good counterclaim here. The theory would be that Bromage made a false representation to Farrington to be transmitted to Gans, and that Gans was damaged because he signed the charter party on the strength of the representation. However, there is noth-

ing in that position either, because Gans suffered no damage. He could have repudiated the ship by hypothesis on delivery, and begun his bargaining anew. If it be said that his loss lay in the fact that his chance had then gone to get another ship. the answer is that nothing of the sort appears in the proof. These hypotheses all presuppose that Bromage made an innocent false statement to be transmitted to Gans, and that this may be the basis of a cause of action, a matter open to great doubt. The general rule certainly is that the defendant must know his statement to be false. There is no ground for supposing that Bromage meant to mislead Gans, assuming the conversation was as Farrington says.

Decree affirmed, with costs.